UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                            Plaintiff,

    v.                                              No. 11-CV-1188
                                                         (TJM/CFH)

STRATOCOMM CORPORATION;
ROGER D. SHEARER; CRAIG DANZIG,

                            Defendants.

---

## MEMORANDUM-DECISION AND ORDER

### I.  Background

By letter dated May 16, 2013, the attorneys for defendant StratoComm Corporation requested a conference to seek leave of the Court to make a motion to be relieved as counsel.  On June 13, 2013, a conference was conducted on-the-record with counsel for all parties.  Defendant Roger Shearer, who is a principal of StratoComm Corporation, participated in that conference.  Defendant pro se Craig Danzig did not participate in the conference.  Following that conference, the Court issued an order setting a briefing schedule for the motion to withdraw.  Dkt. No. 43.  The order further directed that any motion papers be filed under seal.  Id.

On June 5, 2013, StratoComm Corporation's counsel filed a motion under seal to be relieved as counsel.  Dkt. No. 46.[1]  StratoComm Corporation has not filed any papers in

---

[1] StratoComm Corporation's counsel filed its motion papers seeking to withdraw under seal.  After an in-camera review, the Court deems sealing the documents proper given the inclusion of information of a confidential nature regarding attorney-client privilege.

response to the motion to withdraw as counsel.

## II.  Motion to Withdraw

Withdrawal of counsel in a civil case is governed by Local Rule 83.2(b) which provides:

> An attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw . . . Unless the Court orders otherwise, withdrawal of counsel, with or without the consent of the client, shall <u>not</u> result in the extension of any of the deadlines contained in any case management orders . . . or the adjournment of a trial ready or trial date.

N.D.N.Y.L.R. 83.2(b).  In determining whether good cause has been shown for withdrawal, federal courts look to the various codes of professional responsibility.  See <u>Whiting v. Lacara</u>, 187 F.3d 317, 321 (2d Cir. 1999) (referring to the Code of Professional Responsibility to illustrate both mandatory and permissive situations for withdrawal as counsel); <u>Heck-Johnson v. First Unum Life Ins. Co.</u>, No. 01-CV-1739 (GLS/RFT), 2006 WL 1228841, at *4 (N.D.N.Y. May 4, 2006).  The Second Circuit has held that:

> A client's refusal to pay attorney's fees may constitute "good cause" to withdraw . . . In most cases, however, courts have permitted counsel to withdraw for lack of payment only where the client either "deliberately disregarded" financial obligations or failed to cooperate with counsel . . . [as] "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation."

<u>United States v. Parker</u>, 439 F.3d 81, 104 (2d Cir. 2006) (internal citations omitted).  However, "[t]he court must ensure . . . that the prosecution of the suit is not disrupted by the withdrawal of counsel."  <u>Brown v. Nat'l Survival Games, Inc.</u>, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (citation omitted).

Here, StratoComm Corporation's counsel has satisfied the notice requirement.  Counsel

has also fully satisfied the good cause requirement, setting forth information that his client has refused to pay outstanding attorney fees and also continually failed to cooperate with counsel to continue the litigation. While StratoComm Corporation's response to plaintiff's motion for partial summary judgment is due on July 26, 2013, StratoComm Corporation has been aware of the pending motion, and the intention of current counsel to move to withdraw as counsel for well over two months. Accordingly, the motion to withdraw is granted.[2]

Wherefore, it is hereby ordered that:

1) The motion of the law firm Dreyer Boyajian LLP to withdraw as counsel (Dkt. No. 46) is **GRANTED**.

Dated: July 11, 2013
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[2] "However, it is well-established that as a corporation, [StratoComm Corporation] cannot represent itself pro se, but must appear through counsel. Brown, 1994 WL 660533, at *3 (citation omitted). As such, StratoComm Corporation must obtain new counsel if it wishes to defend this matter.